UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFTON CLINTON WILLIAMS IV,

Plaintiff,

-against-

NEW YORK HRA (MEN'S ASSESTMENT CENTER) ADMINISTRATIVE; HOMELESS SERVICES (DHS),

Defendants.

26-CV-4523 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his rights. The Court understands Plaintiff to be asserting claims that Defendants denied him his personal property without due process of law. Although the caption of the complaint is confusing, Plaintiff appears to sue the New York City Human Resources Administration ("HRA") and the New York City Department of Homeless Services ("DHS"). By order dated September 16, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits— to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff invokes both the court's federal question jurisdiction and diversity of citizenship jurisdiction. The following facts are drawn from the complaint.[1] Upon Plaintiff's signing of a "contractual acknowledgment," which may be a "shelter clients['] bill of rights," security staff at HRA's 30th Street Men's Assessment Center "confiscated a series of items" from Plaintiff and

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"assured [him]" of the "courtesy" that they would store the items at the 30th Street shelter. (ECF 1, at 5.) Among the items Plaintiff turned over to the HRA for storage were three sets of tools that Plaintiff alleges he uses for his work. On March 2, 2026, when Plaintiff relocated to another assessment center on 3rd Avenue, he attempted to retrieve his property but was told to return the following day. Plaintiff does not state whether he returned the following day or whether his property was eventually returned to him.

Plaintiff alleges that he has lost wages as a result of being unable to retrieve his tools.

Plaintiff seeks $13,005, which he describes as the cost of his property and compensation for "mental anguish." (*Id.* at 6.)

## DISCUSSION

### A. City agencies

Plaintiff's claims against HRA and DHS must be dismissed because an agency or office of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Tatum v. City of New York*, No. 19-CV-2581 (JPC) , 2019 WL 1877385, at *1 (S.D.N.Y. Apr. 26, 2019) (explaining that HRA is not a suable entity); *Sexton v. Dep't of Homeless Servs.*, No. 24-CV-8895 (DEH), 2025 WL 1334605, at *3 (S.D.N.Y. May 7, 2025) (dismissing claims against DHS as an entity that cannot be sued under the New York City Charter), *appeal dismissed sub nom. Sexton v. Volunteers of Am.*, No. 25-1401, 2025 WL 3514315 (2d Cir. Sept. 24, 2025). The Court therefore dismisses Plaintiff's claims against HRA

and DHS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to construe the complaint as attempting to assert claims against the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that caused a violation of his federal constitutional rights. The Court grants Plaintiff leave to file an amended complaint in which he names the City of New York as a defendant and alleges facts suggesting that the City of New York has a policy, practice, or custom that caused a violation of his constitutional rights.

**B. Due process claims**

The Court understands Plaintiff to be attempting to assert claims that HRA or DHS staff deprived him of his property without due process of law. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a

liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a procedural due process claim under Section 1983, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

Where a government entity deprives a plaintiff of some property interest pursuant to an established procedure, procedural due process is generally satisfied so long as some form of hearing is provided before the plaintiff is deprived of the property interest. *See Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government official's random and unauthorized act does not violate procedural due process if a meaningful post-deprivation remedy is available; when the government cannot predict precisely when the loss of the property interest will occur, it would be impossible to provide a meaningful hearing before the deprivation of the property interest. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available [Section] 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty."). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, [however,] there can be no claim for violation of his or her procedural

due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

Here, Plaintiff has alleged sufficient facts to demonstrate a property interest in his tools. He nevertheless cannot state a procedural due process claim because there are various state remedies available to him that would cure any deprivation of his property. *See Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (holding that New York provides an adequate postdeprivation remedy through state law causes of action for "negligence, replevin, or conversion, which could fully compensate [Plaintiff] for [his] alleged property loss" ); *Herbin v. City of New York*, 2023 WL 2368974, at *3 (S.D.N.Y. Mar. 6, 2023) (same and collecting cases); *see also Moreno v. New York*, 69 N.Y.2d 432 (1987) (discussing alternative state remedies to recover seized property).[2] Plaintiff alleges no fact suggesting that any such state law remedies were unavailable or inadequate to address the deprivation of his property.

Because New York state law provides adequate post-deprivation remedies, the Court dismisses Plaintiff's procedural due process claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Fourth Amendment claims**

In the complaint, Plaintiff asserts that Defendants violated his rights under the Fourth Amendment when they did not follow the signed agreement for taking possession of his

---

[2] The Court also notes that Plaintiff's allegations do not suggest that HRA or DHS staff intentionally deprived him of his property. He instead appears to allege that his property was lost, suggesting mere negligence, which does not form the basis of a due process claim. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or of injury to life, liberty, or property."); *see also Bryant v. Maffucci*, 923 F.2d 979, 985 (2d Cir. 1991) (finding no due process violation where "no proof has been proffered by appellant that would tend to show more than a negligent deprivation of her due process rights").

property. (ECF 1, at 2.) The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures." U.S. Const. amend. IV. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). A state actor may effectuate a seizure of property "without violating the Fourth Amendment if the owner or lawful custodian gives voluntary consent."[3] *United States v. Peterson*, 100 F.3d 7, 11 (2d Cir. 1996).

Here, Plaintiff references the Fourth Amendment, suggesting that he is attempting to assert a claim that his property was unlawfully seized. Plaintiff appears to allege, however, that he signed an agreement giving shelter staff permission to initially take possession of his property when he entered the facility. (*See, e.g.*, ECF 1, at 2 (stating that Plaintiff "signed [an] agreement" regarding "procurement" of his personal property); *id.* at 5 (stating that shelter staff took possession of his property "[u]pon" Plaintiff's signing of a "contractual acknowledgment" regarding the shelter staff's "courtes[]y of storing [his] items" at an assessment facility); *see also id.* at 6 (referencing a "promissory agreement" signed by "client services"). Plaintiff's allegations therefore suggest that he consented to Defendants initially taking possession of his property.

When an initial seizure of property is lawful, the "failure to return the items does not, by itself, state a separate claim of unreasonable seizure." *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004). Such a claim would instead arise under the Due Process Clause. *Id.* (holding that "[t]o the extent the Constitution afford[ed]" the plaintiff "any right with respect to a government agency's retention of lawfully seized property, it would

---

[3] The analysis for consent in the context of seizures "basically tracks the analysis of the more well-developed area of consent searches." *We Buy, Inc. v. Town of Clarkstown*, No. 06-CV-1794 (LBS), 2006 WL 3016314, at *7 n.7 (S.D.N.Y. Oct. 20, 2006).

appear to be procedural due process"). As discussed above, Plaintiff has failed to state a claim under the Due Process Clause.

The Court therefore dismisses Plaintiff's Fourth Amendment claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say that amendment is futile, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.